

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,206-07

### EX PARTE JOSE ANGEL ACOSTA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-CR-0279-A IN THE 28TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to sixty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Acosta v. State*, No. 13-13-00170-CR (Tex. App. — Corpus Christi - Edinburg, Sept. 4, 2014) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel and appellate counsel both

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

rendered ineffective assistance for a number of reasons. The State recommended that this application be dismissed for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. However, the trial court entered findings of fact finding that the application does comply with Rule 73.1, and ordered the State to fully respond to the claims raised in the application. Nevertheless, the habeas record was immediately forwarded to this Court without such a response or findings of fact and conclusions of law from the trial court addressing the merits of Applicant's claims.

This Court agrees with the trial court's determination that the application is in compliance with Rule 73.1 of the Texas Rules of Appellate Procedure. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether trial counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact as to whether the

performance of Applicant's appellate counsel was deficient, and if so, whether appellate counsel's deficient performance prejudiced Applicant.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 23, 2018
Do not publish